UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANTIAGO JULIAO,

                        Plaintiff,                           **ORDER**
                                                                      CV 14-808 (JFB) (AYS)

                      -against-

CHARLES RUTENBERG REALTY, INC.

                        Defendant.
------------------------------------------------------------X

**ANNE Y. SHIELDS, Magistrate Judge:**

       Presently before the Court is Plaintiff's motion for a stay of all discovery in this case. For the reasons set forth below, the motion is denied.

BACKGROUND

I.    <u>The Complaint, The Motion to Dismiss and the Amended Complaints</u>

       More than three years ago, on February 12, 2014, <u>pro se</u> plaintiff Santiago Juliao ("Plaintiff") filed his complaint herein pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e-2000e-17 (as amended) ("Title VII") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12112-12117 (as amended). The complaint was originally asserted against Charles Rutenberg Realty, Inc., ("Rutenberg Realty" or "Defendant") and unnamed "Doe" defendants. No Doe defendants were ever replaced with named individuals and the case has progressed only as against Plaintiff's alleged employer Rutenberg Realty. Plaintiff's initial complaint alleged, <u>inter alia</u>, that his employment was terminated unlawfully on the basis of his race, national origin and disability. On April 1, 2014, the Honorable Joseph F. Bianco granted Plaintiff's application to proceed <u>in forma pauperis</u>.[1] DE 4. At that same time,

---

[1] This case was originally assigned to the Honorable Jack B. Weinstein, and Magistrate Judge Marilyn D. Go. It was reassigned on, March 13, 2014, to Judge Bianco and Magistrate Judge Arlene R. Lindsay. This Court was

1

Judge Bianco dismissed Plaintiff's complaint for failure to state a claim, and granted Plaintiff leave to file an amended complaint within thirty days. DE 4. Plaintiff requested, and was granted, additional time in which to file his amended complaint, DE 5, 6, which he filed on June 4, 2014, DE 7. That amendment was followed by three revisions. See DE 12, 15, 16. The third and presently operative amended complaint, filed on July 28, 2014, alleges violations of Plaintiff's First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights, Title VII of the Civil Rights Act of 1964 ("Title VII"), Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000e et seq., a Violation of the Americans with Disabilities Act ("ADA") and its amendments, the Rehabilitation Act, the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. §§ 1981, 1983 and 1985. DE 16.

On November 6, 2014, Defendant moved to dismiss. DE 24. On December 2, 2014, Plaintiff filed a motion to appoint counsel. DE 25. Judge Bianco denied the motion for appointment of counsel, and Plaintiff continued the action pro se. DE 26. On December 5 and 8, 2014, Plaintiff requested an extension of time to respond to Defendant's motion to dismiss. DE 27, 29. The District Court found such requests to be moot, as Plaintiff was already granted an extension of time. See Order dated December 10, 2014. On January 8, 2015, Plaintiff, explaining that evidence was stolen from his car, and that he had been helping his sister with her ill son, requested a seven day extension of time to respond to Defendant's motion. DE 33. The District Court granted Plaintiff's request for an extension, DE 34, and the fully briefed motion was submitted on January 30, 2015. DE 36. On February 6, 2015, despite the full briefing of the motion, Plaintiff requested, and was granted leave to file a sur-reply. DE 38. On February 23, 2015, Plaintiff filed his sur-reply and, in a separate docket entry, additionally filed a motion to

---

thereafter assigned as the Magistrate Judge in this matter. See Reassignment Orders dated March 13, 2014 and March 27, 2015.

2

compel/counter motion for default judgment. DE 38-41. On March 12, 2015, Plaintiff's request for a certificate of default and an accompanying motion to compel entry of default were denied. Electronic Order dated March 12, 2015 and DE 43. On April 24, 2015, the District Court granted Defendant's motion to dismiss in part, dismissing Plaintiffs claims under 42 U.S.C. § 1983 and Title VI. DE 46. On May 15, 2015, Defendant filed its answer to Plaintiff's operative complaint. DE 49, and discovery moved forward, as discussed below, before this Court.

II.     Discovery Proceedings: June 25, 2015 to Date

On June 25, 2015, this Court issued an electronic order setting a status conference for July 14, 2015. See Electronic Order dated June 25, 2015. At the status conference, this Court set the following discovery schedule tailored to the needs of pro se plaintiffs litigating civil cases before this Court. Plaintiff's narrative statement of facts was to be filed by August 13, 2015, and Defendant's narrative statement was to be filed by September 14, 2015. Any motions to amend the pleadings were to be filed by October 14, 2015. The scheduling order also allowed the parties to initial formal discovery request such as documents requests and interrogatories, with such discovery being completed by January 14, 2016. Plaintiff was thereafter required to submit a revised narrative statement, reflecting a list of witnesses, exhibits and a summary of witness testimony by February 15, 2016. The date for taking the first step in any dispositive motion practice was set for March 14, 2016. DE 58.

On August 10, 2015, Plaintiff requested an extension of time to file his narrative statement (which was due on August 13, 2015) on the ground that he would be consulting with an attorney. DE 60. This Court granted Plaintiff's request, and extended all deadlines by sixty days. See Electronic Order dated August 14, 2015. Both parties complied with this Court's scheduling order and filed their respective narrative statements. DE 61, 62. On December 14,

3

2015, Plaintiff submitted a letter to this Court amend his pleadings. On December 17, 2015, Defendant responded, and requested that if the Court grant Plaintiff's request, that it also extend the discovery deadlines to allow the Defendant time to address in its discovery demands any corrections, clarifications and/or new and additional claims raised by Plaintiff. DE 64. On December 18, 2015, this Court scheduled an in person status conference for January 6, 2016. On January 5, 2016, Defendant filed a motion "on behalf of the pro se plaintiff, Santiago Juliao," to adjourn the January 6, 2016 status conference "based upon the pro se plaintiff's representation that he needs additional time to retain counsel." DE 66. This Court adjourned the status conference until February 8, 2016, but warned parties that there would be no further adjournments of that conference.

At the February 8, 2016 conference, Plaintiff was given an additional two weeks to secure counsel, and parties were further directed to submit a status letter on March 23, 2016. DE 68. On March 18, 2016, Plaintiff sought an extension of time to respond to Defendant's discovery requests. DE 72. On March 23, 2016, Defendant filed a status letter, which stated, inter alia, that "based upon the plaintiff's repeated request for an extension of time to complete paper discovery, having just received plaintiff's first set of interrogatories and having been notified just this morning of plaintiff's pending application for an extension of time to complete paper discovery, party depositions have not been scheduled." DE 70. The Court granted Plaintiff's motion for an extension of time, thereby extending all discovery dates by an additional thirty days. See Electronic Order dated March 24, 2016.

On May 2, 2016, Defendant submitted a status letter, stating that it had served discovery responses on Plaintiff, and that Plaintiff advised Defendant that he was unable to respond to the Defendant's discovery demands because he was waiting to receive documents from an out-of-

town source and that such documents "are currently in transit" to him. The letter further stated that Plaintiff's deposition was scheduled for June 15, 2016. DE 74. On June 20, 2016, Defendant submitted a further status letter, which stated that it had located and would be serving an additional 6,000 pages of documents on Plaintiff. The letter further stated that Plaintiff advised Defendant that he "is currently still awaiting receipt of requested documents from an out-of-town source," and that "he is in the process of obtaining written statements from non-parties responsive to the Defendant's discovery demands served upon the plaintiff." DE 79. By that same letter, the parties jointly requested an additional thirty days to exchange discovery. DE 79. The Court again extended discovery deadlines by thirty days, and directed the parties to provide a further joint status letter on July 28, 2016. See Order dated June 21, 2016.

On July 28, 2016, the parties submitted a joint status letter. DE 80. That letter stated that Defendant anticipated it would be able to serve its final discovery responses by August 12, 2016, but that Plaintiff was still awaiting receipt of the documents required to respond to Defendant's discovery demands. DE 80. Based upon the Defendant's voluminous document production and Plaintiff's lack of necessary documents, the parties requested an additional thirty day extension to the discovery deadlines. DE 80. On August 3, 2016, this Court extended the discovery deadline until August 31, 2016, and further directed the parties to appear at a status conference on August 22, 2016. Thereafter, Plaintiff once again filed a motion to be appointed counsel. DE 82.

During the status conference on August 3, 2016, Plaintiff was directed to respond to all Defendant's requests by September 12, 2016. Plaintiff was further advised that he had the right, but not an obligation to take depositions, and both parties were advised that all depositions must

be complete by October 31, 2016. Additionally, the parties were directed to file a joint status letter on November 1, 2016. DE 83.

On August 24, 2016, Plaintiff's second motion to appoint counsel was denied by the District Court. DE 86. On September 12, 2016, Plaintiff requested, and was granted, an additional three days to respond to Defendant's request. DE 89. On October 21, 2016, Plaintiff moved to compel Defendant to answer interrogatories, DE 91. Defendant responded to the motion on October 27, 2016. On November 1, 2016, the parties filed a joint status letter and requested that the Court hold a status conference. DE 94. That request was granted, and an in-person status conference was scheduled for November 8, 2016. See Order dated November 3, 2016. On November 7, 2016, Plaintiff requested, and was granted, an adjournment. DE 98. The status conference was held on November 22, 2016. At that conference, this Court expressed the opinion that plaintiff might benefit from consulting with an attorney at the limited representation clinic for pro se plaintiffs located at the Eastern District Brooklyn Courthouse, and directed Plaintiff to make an appointment for such consultation to obtain assistance with discovery. This Court further advised the parties to submit a joint status letter on January 16, 2017. DE 100. The parties failed to comply with the Court's directive to submit a status letter, and on March 7, 2017, this Court issued an order directing the parties to submit joint status letter by March 17, 2017. See Electronic Order dated March 7, 2017. By status letter dated March 17, 2017, the parties advised the Court that Plaintiff had met with an attorney from the District's pro se program, but was required to schedule a second appointment. DE 103. The parties were directed to provide a status letter to the Court on April 19, 2017. Electronic Order dated March 19, 2017. On April 19, 2017, the parties filed a joint status letter, which stated that Plaintiff was unable to schedule a second appointment with an attorney from the pro se program and, also, that Plaintiff

6

had yet to provide responses to discovery deficiencies. The letter further stated that Plaintiff met with a private attorney with regard to potential representation of the Plaintiff in this action. DE 104. This Court thereafter scheduled an in person status conference for May 17, 2017, and rescheduled the conference for May 25, 2017. See Order dated April 20 and April 27, 2017.

This Court held the status conference on May 25, 2017, at which time it advised Plaintiff that if representation was not procured by June 3, 2017, Plaintiff would be proceeding pro se. The parties were directed to advise this Court, by joint status letter on June 8, 2017, as to whether Plaintiff obtained representation. The letter was to additionally include the names of all people Plaintiff planned to depose. DE 107. On June 8, 2017, by way of status letter, the parties advised the Court that Plaintiff did not retain private counsel and that he had yet to provide Defendant with the outstanding discovery outlined in Defendant's October 26, 2016 deficiency letter. The letter further set forth a list of twenty-five people that Plaintiff planned to depose. DE 109.

On June 9, 2017, this Court advised Plaintiff that he was to proceed with the litigation pro se, and further directed Plaintiff to respond to the discovery deficiencies by July 13, 2017. See Electronic Order dated June 9, 2017. By that same order, this Court directed the parties to submit a joint status letter to this Court by July 20, 2017, setting forth the progress of discovery and a date certain for Plaintiff's deposition to occur. Id.

III.    The Briefing of the Present Motion

On July 12, 2017, Plaintiff filed the present motion for a stay of discovery in this case. DE 112. On July 20, 2017, the parties were given additional time to file their joint status letter. On August 7, 2017, Defendant filed its opposition to the motion for a stay. DE 121.  That same day, Defendant filed a status letter stating that although it attempted to confer with Plaintiff, it

was unable to do so prior to submitting the letter. In its letter, Defendant advised the Court that Plaintiff's discovery responses were still outstanding. The letter further listed the documents and responses Defendant required from Plaintiff to prepare for Plaintiff's deposition and to prepare for Defendant's defense. According to Defendant's letter, "Plaintiff's continuous delays and failure to produce the required discovery responses has and continues to prejudice the Defendant's right to obtain discoverable information necessary to defend against the Plaintiff's vague, specious and unsupported claims." DE 124.

On August 7, 2017, Plaintiff's letter dated August 4, 2017 was uploaded to the Court's electronic filing system. That letter requested additional time to file the joint status letter. DE 120. Since Defendant had already filed the status letter, this Court denied the request for an extension, but granted Plaintiff additional time in which to submit his individual status letter. See Electronic Order dated August 8, 2017. On August 21, 2017, Plaintiff submitted a letter to this Court. The letter explained why Plaintiff was unable to timely file his status letter (due to computer issues) and asked this Court for an opportunity to respond to Defendant's motion to stay. Attached to that letter is Plaintiff's status letter dated a week earlier, August 14, 2017 ("August 14 letter"). In addition to updating the Court on the status of the case, the August 14 letter also responds to Defendant's response to Plaintiff's request for a stay. The Court construes Plaintiff's August 14 letter to constitute both a status letter and a reply to Defendant's opposition. Accordingly, Plaintiff's motion to respond to Defendant's opposition is granted to the extent that the Court will consider all of the arguments set forth in Plaintiff's August 14 letter. The Court now turns to disposition of Plaintiff's motion for a stay. DE 127.

## DISPOSITION OF THE MOTION

I.   The Parties' Positions

As noted, the motion presently before the Court is Plaintiff's motion, after two years of motions and court conferences, to completely stay discovery in this matter for an indefinite period of time. In support of his request, Plaintiff contends that the case should be stayed as "he needs the peace of mind and more economic resources to properly follow up his complex/unique case." DE 112 at 1. Plaintiff lists the following circumstances to support his claim:

1. Three family members and a close friend to Plaintiff's father passed away in approximately a month and a half ago, and now Plaintiff must help his landlord that is suffering from cancer.

2. Plaintiff has been forced to expend money and time on car engine repairs, and therefore does not have money for depositions.

3. Plaintiff has been sick and lost his health insurance.

4. Plaintiff's $8,000 student loan has more than tripled in what he considers to be financial exploitation.

5. Plaintiff's peace of mind has been reduced due to his attempts of finding a solution to IRS/State Income Tax debt.

6. Plaintiff "was complaining" to Microsoft Corporation because they "unfairly" cancelled his subscription, which resulted in loss of documents.

7. Plaintiff was unsuccessful in obtaining representation from the Pro Bono Panel.

DE 112.

Defendant opposes Plaintiff's motion. It reasons that Plaintiff has not and cannot demonstrate that this litigation – which Plaintiff commenced over three years ago – should be stayed in the interest of justice, or that such a stay would not prejudice Defendant, which has been working diligently to move this case forward. See DE 121.

In reply, Plaintiff states that his current circumstances, which include going through foreclosure and working long hours without getting paid, support a finding that a stay is warranted. Plaintiff argues that his claims are not "vague, specious, and unsupported," as his claims present a "constructive case that can help other people/realtors as well as to improve our legal system." DE 127. Plaintiff further asks this Court to consider Plaintiff's situation before determining his motion. In particular, Plaintiff states that any judgment as to his motion to stay must be made only after considering that: "a) Documents and evidences were lost or stolen from Plaintiff, b)Plaintiff's computer has been hacked, c) Plaintiff is unable to access to all his emails, d) some of the Plaintiff's Microsoft Word documents were deleted, d) that Plaintiff must hire an investigator to help him with discover, to recover and locate witnesses and, to do all these, requires economic resources, and, e) because some other undisclosed reasons." DE 127. Plaintiff argues that the above listed reasons support the need for at a stay of at least four months.

II.  Legal Standard for Imposing a Stay

A court "may decide in its discretion to stay civil proceedings pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig., 99 F. Supp. 3d 288, 314 (E.D.N.Y. 2015), appeal dismissed (2d Cir., January 19, 2016) (quoting United States v. Town of Oyster Bay, 66 F. Supp. 3d 285, 289, 2014 WL 6886122, at *3 (E.D.N.Y. 2014)). On a motion to stay, the moving party bears the burden to establish "a clear case of hardship or inequity in being required to go forward." Trikona Advisors Ltd. v. Kai–Lin Chuang, 2013 WL 1182960, at *2 (E.D.N.Y. 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In this Circuit, courts generally apply the following factors when deciding a motion to stay in a civil action:

- the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed;
- the private interests of and burden on the defendants;
- the interests of the courts;
- the interests of persons not parties to the civil litigation; and
- the public interest.

Id. (quoting Kappel v. Comfort, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996)); see also In re HSBC Bank, 99 F. Supp. 3d at 315 (same). In balancing these factors, "the basic goal is to avoid prejudice" to either party. Laumann v. Nat'l Hockey League, 2013 WL 837640, at *2 (S.D.N.Y. 2013) (quoting In re OxyContin Antitrust Litig., 2012 WL 5184949, at *6 (S.D.N.Y. 2012) (internal quotation marks omitted)).

III. The Motion for a Stay is Denied

Plaintiff argues that a stay is warranted based on his lack of economic resources and his peace of mind. He has set forth various examples to demonstrate how his current situation has impacted his life, and is preventing him from fulfilling his discovery obligations. In his opinion, a stay of at least four months would allow him time to gather resources and clarity necessary to litigate this case, which would not only benefit him, but also benefit potential litigants in the real estate field facing similar challenges. Plaintiff additionally argues that if the stay is denied, he will be prejudiced, as he, unlike Defendant, has to work numerous hours without pay to litigate this action.

Defendant argues that Plaintiff has not clearly established that hardship or inequity would result if the case goes forward, and that, given the circumstances in this litigation, granting the

stay would be prejudicial to the Defendant. For the reasons set forth below, the Court agrees with Defendant.

Plaintiff has not demonstrated that the balance of interests of the parties, or any other factor weighs in favor of a stay. As the docket herein reveals, there can be no question but that Plaintiff has been granted every indulgence in bringing this case forward. The parties have appeared at numerous conferences before this Court and, at each conference, this Court has granted Plaintiff's requests for additional time. This Court has twice suspended the proceedings so that Plaintiff could, as he requested, seek private representation. The Court further extended the proceedings so that Plaintiff could obtain the assistance of resources available to pro se parties both in the Central Islip and Brooklyn courthouses. In addition to granting in-person requests for additional time, this Court and the District Court have granted multiple other requests for extensions of time, and generous allotments of time to engage in the briefing of motions.

Despite all of the extensions and benefits afforded to Plaintiff, he has failed to proceed in any meaningful manner with this litigation. While he sets forth claims of hardship, Plaintiff fails to show that a stay will alleviate any hardship, or realistically put him in a better position to litigate this case. Thus, Plaintiff states that items that were in his possession have now been lost or stolen, documents that Plaintiff had stored on his computer have now been deleted, and Plaintiff's financial situation make proceeding with this matter difficult. These complaints have been raised on numerous occasions during the course of this litigation. Indeed, despite representing that the documents were in transit nearly a year ago, Plaintiff has yet to respond to Defendant's requests. Plaintiff has offered no evidence that he would be able to obtain these documents if the Court grants a stay in this action.

12

Nor has Plaintiff set forth evidence that any of the issues he is currently facing will be resolved by staying this action. Plaintiff has also been given ample time to obtain an attorney, and to meet with pro se attorneys. Nevertheless, Plaintiff has failed to procure representation for the case as a whole or limited representation for the purpose of discovery assistance. There is no reason to believe that granting a stay in this action would enable Plaintiff to obtain representation or allow him to do anything that he was not able to do in the three years this case has been pending, or during the two years that this Court has actively supervised discovery. In sum, Plaintiff's litany of current hardships does little to support a finding that he would be prejudiced by going forward now, rather than at a later time.

In addition to failing to show how he might benefit from a stay, Plaintiff while describing the variety of hardships he is facing, has not provided any evidence that he will be prejudiced if the case goes forward. For example, Plaintiff states that additional resources are needed for Plaintiff to hire an investigator to help him locate witnesses, but Plaintiff does not establish that such witnesses are necessary for his case. Nor does Plaintiff explain his failure to engage such services or, indeed respond properly to any discovery in this case. Similarly, Plaintiff does not establish that he would be able to obtain additional economic resources if the Court grants a stay. For example, as described above, Plaintiff has sought multiple requests for extensions of time in which to provide Defendant with responsive documents.

As to the prejudice that would be suffered by Defendant, the Court notes that the failure to move forward with this litigation is not without consequence. There is no question but that, over the course of two years of discovery, Plaintiff has been given more than adequate time to address the challenges that he claims to be facing. There is also no question but that additional delay will prejudice Defendant. The docket makes clear that Defendant has attempted to work

13

with Plaintiff, providing discovery and clarifying the nature of discovery sought and produced. Indeed, Defendant has consented to nearly every extension of time that Plaintiff requested. This Court and Defendant have endeavored to accommodate Plaintiff's difficulties. Plaintiff fails to show how any further accommodation, by way of the requested complete stay, will change the present circumstances or put Plaintiff in a better position to litigate his case. After years of attempting to cooperate and move forward with discovery, granting the requested stay will no doubt prejudice the Defendant and its ability to defend this matter. There is no doubt that Defendant has expended substantial time and other resources in defending this action. At this point, documents are no longer available, witnesses become difficult to contact and their memories fade.

As to the interests of the courts and the public, Plaintiff argues that his claims further the interests of persons not parties to this case, the public, and the legal system. Specifically, Plaintiff assets that his objectives are "to present a constructive case that can help other people/realtors as well as improve our legal system." DE 127 at 6. Even if this case were instrumental in furthering such interests, Plaintiff has failed to provide evidence to establish that a stay in this the action would enable him to further his case any more than he has over the last three years.

This Court is certainly mindful that Plaintiff is proceeding pro se. Indeed, it is Plaintiff's pro se status that has guided this Court in granting the many extensions of time, directing consultation with Court resources aimed at assisting pro se parties, and ordering numerous in-person conferences so that Plaintiff can better understand the proceedings herein. At this point however, when more than three years have passed since this litigation was Plaintiff fails to set forth any reason to believe that a further delay will allow Plaintiff to proceed in this matter.

14

In sum, Plaintiff has failed to establish that stay is warranted, and Defendant has established the clear prejudice that will follow a grant of the requested stay. Accordingly, the Plaintiff's motion to stay is denied.

IV. Final Order of Discovery

Defendant has complied with this Court's orders regarding the production of documents. No further production is required. Plaintiff is directed to provide responses, on or before October 3, 2017, to discovery. Any document not produced by that date will be precluded from use at depositions, or at trial herein. Plaintiff shall also indicate by October 3, 2017, in writing to the Defendant, whether he intends to conduct any depositions in this case, and proposed dates certain for the taking of such depositions. All discovery in this case will end on November 3, 2017. There shall be no further extensions of time.

**CONCLUSION**

Based upon the foregoing, Plaintiff's motion to stay, herein Docket No. 112, is denied.

Dated: September 19, 2017
      Central Islip, New York      **SO ORDERED:**

      /s/ Anne Y. Shields
      Anne Y. Shields
      United States Magistrate Judge