```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SANTIAGO JULIAO,
                                        Plaintiff,
                                                                    ORDER
        -against-                                                   14-CV-0808 (JFB) (AYS)

CHARLES RUTENBERG REALTY, INC.,
JOHN DOE AND JANE DOE,

                                        Defendants.
-----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 20 2018 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Santiago Juliao ("plaintiff") commenced this employment discrimination action on February 12, 2014 (ECF No. 1), alleging violations of Title VII of the Civil Rights Act of 1964 and of the Americans with Disabilities Act of 1990. Plaintiff filed multiple amendments. The operative complaint is the third amended complaint, in which plaintiff alleges that his employer, defendant Charles Rutenberg Realty, Inc. ("defendant"), violated his First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights. (ECF No. 16 at 3.) On December 6, 2017, defendant filed a letter (1) requesting that the Court enter an order quashing plaintiff's subpoena dated December 1, 2017, and (2) indicating its intention to file a motion requesting that the Court dismiss the case with prejudice. (ECF No. 135.) On December 21, 2017, this Court set a briefing schedule and referred defendant's motion to Magistrate Judge Anne Y. Shields for a Report and Recommendation. (ECF No. 138.)

On January 22, 2018, defendant filed its motion requesting that the Court: (1) quash plaintiff's subpoena dated December 1, 2017, pursuant to Federal Rule of Civil Procedure 45, (2) dismiss this action pursuant to Federal Rules of Civil Procedure 37 and/or 41 based on plaintiff's failure to comply with the Court's discovery orders, and (3) dismiss this action

pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 140.) Plaintiff responded to defendant's motion on February 22, 2018 (ECF Nos. 142-1, 142-2), and defendant submitted a reply on March 8, 2018 (ECF No. 142). Plaintiff subsequently filed additional letters and, on June 14, 2018, Magistrate Judge Shields directed defendant's counsel to "provide chambers with a courtesy copy of the entire fully-briefed motion within one (1) week." On June 21, 2018, plaintiff filed a letter requesting an extension of time to respond to defendant's motion. (ECF No. 149.) On June 29, 2018, Magistrate Judge Shields issued an order denying plaintiff's request, and explaining: "The motions are already fully briefed. No further filings are necessary." On July 12, 2018, plaintiff submitted a letter addressed to the undersigned, requesting the opportunity to submit an additional response to defendant's motion. (ECF No. 151.)

On July 9, 2018, Magistrate Judge Shields issued an order (1) granting the motion to quash plaintiff's subpoena, and (2) including her Report and Recommendation (the "R&R"), recommending that the Court grant defendant's motion to dismiss. (ECF No. 152.) This Order addresses (and adopts) only Magistrate Judge Shields's R&R; the Court need not address the portion of the July 9, 2018 order that granted defendant's motion to quash.

On July 23, 2018, the undersigned issued an order addressing plaintiff's July 12, 2018 letter, stating that "[t]he Court has reviewed all of plaintiff's filings and concludes that he has raised no new arguments in his letters following his initial reply, and therefore denies plaintiff's request to submit an additional reply." (ECF No. 154 at 1.) Additionally, the Court noted that the R&R provided plaintiff the opportunity to file any objections within fourteen days of the date of that order, and that the Court would consider those objections in deciding the motion to dismiss. (*Id.* at 1-2.) On August 6, 2018, plaintiff filed a letter requesting an extension of time

to file objections to the R&R. (ECF No. 156.) On August 8, 2018, the Court granted plaintiff's request, and directed plaintiff to file any objections by August 27, 2018. (ECF No. 159.) On August 27, 2018, plaintiff filed objections, which he subsequently requested that the Court seal. (ECF Nos. 162 ("Plaintiff's Objections"), 163.)

The Court has fully considered the parties' submissions. For the reasons set forth below, after *de novo* review of the R&R, the Court adopts the well-reasoned and thorough R&R in its entirety.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions.").

**Summary of the Report and Recommendation**

The R&R briefly summarizes plaintiff's allegations that, *inter alia*, his employment was terminated unlawfully on the basis of his race, national origin, and disability. (R&R at 2.) The R&R then provides a detailed account of plaintiff's subsequent filings, including multiple amended complaints, motions for appointment of counsel, and numerous requests for extensions. (*Id.* at 2-10.) The R&R provides, as procedural background, that the Court granted defendant's motion to dismiss in part (dismissing plaintiff's claims under 42 U.S.C. § 1983 and Title VI), defendant filed its answer to the third amended complaint, and discovery proceeded for three years. (*Id.* at 3.)

*Discovery Proceedings*

The R&R summarizes the discovery proceedings from June 25, 2015 to the date of R&R (July 9, 2018), recounting that, along with other similar examples:

(1) on August 10, 2015, plaintiff requested an extension of time to file his narrative statement—which was due on August 13, 2015—on the ground that he would be consulting with an attorney (the Court granted this requested and provided a sixty-day extension);

(2) on December 14, 2015, plaintiff requested to amend his pleadings after both parties filed narrative statements, and then requested to adjourn a status conference the Court scheduled after this request so that he could retain counsel (the Court adjourned the conference, and granted plaintiff an additional two weeks to secure counsel);

(3) on March 18, 2016, plaintiff requested an extension of time to respond to defendant's discovery requests (the Court granted this request, providing an additional thirty days);

(4) on May 2, 2016, defendant provided a status letter informing the Court that it had

4

served its discovery responses on plaintiff, but that plaintiff was unable to respond to defendant's discovery requests because he was waiting to receive documents that were "currently in transit" to him; and

(5) on June 20, 2016, defendant submitted another status letter indicating that it had located additional documents that it would be serving, that plaintiff was still waiting to receive the documents in transit, and that the parties requested an additional extension. (*Id.* at 3-5.)

The R&R describes other such status letters and requests for extension, and explains that, on August 22, 2016, the Court directed plaintiff to respond to all of defendant's outstanding discovery requests by September 12, 2016, and informed the parties that all depositions were to be completed by October 31, 2016. (*Id.* at 6.) On September 12, 2016, plaintiff requested an additional three days to respond to defendant's discovery requests, and on October 21, 2016, plaintiff moved to compel defendant to answer his interrogatories. (*Id.*) Defendant responded to this motion, and the Court scheduled a status conference for November 8, 2016, which plaintiff requested to adjourn the day before. (*Id.*)

At the rescheduled conference on November 22, 2016, the Court advised plaintiff to seek assistance with discovery at the limited representation clinic for *pro se* plaintiffs at the U.S. Eastern District of New York Brooklyn Courthouse. (*Id.*) On March 17, 2017, plaintiff informed the Court that he met with an attorney in this program, but that he was required to schedule a second appointment. (*Id.* at 7.) The Court directed the parties to provide a status letter by April 19, 2017. (*Id.*) As the parties indicated in that letter, plaintiff failed to schedule a second appointment or provide responses to discovery deficiencies. (*Id.*) This status letter also stated that plaintiff met with a private attorney regarding representation. (*Id.*) The Court advised plaintiff at a May 25, 2017 conference that if representation was not procured by June 3, 2017,

plaintiff would be proceeding *pro se*. (*Id.*)

In a June 8, 2017 status letter, the parties informed the Court that plaintiff had not yet retained counsel or provided the outstanding discovery outlined in an October 26, 2016 deficiency letter from defendant. (*Id.*) The Court again provided plaintiff additional time to respond to the discovery deficiencies. (*Id.*)

On July 12, 2017, plaintiff moved for a stay of all discovery, which defendant opposed, writing a letter to the court noting that, as the R&R summarizes:

> [O]ver the preceding three years, Plaintiff had failed to take advantage of this Court's suggestion that he avail himself of the assistance of the Court's pro se clinic and, despite seeking numerous stays to retain outside counsel, Plaintiff failed to retain any of the attorneys with whom he claimed to have consulted. Plaintiff was also noted to have failed to provide any discovery as to his broadly stated claims, again despite being granted numerous extensions of time.

(*Id.* at 8.) Finally, defendant wrote that "Plaintiff's continuous delays and failure to produce the required discovery responses . . . prejudice[s] the Defendant's right to obtain discoverable information necessary to defend against the Plaintiff's vague, specious and unsupported claims." (*Id.* (quoting ECF No. 124).)

On September 19, 2017, Magistrate Judge Shields issued an order denying plaintiff's motion to stay discovery, in which she explained that:

> [D]espite being granted every indulgence in prosecuting this action, Plaintiff had failed to proceed with this litigation in any meaningful manner. The Court further noted that while Plaintiff had failed to demonstrate any prejudice from not imposing a stay of discovery, the Defendant would suffer great prejudice if discovery were to be stayed. Ultimately, this Court found that Plaintiff failed to provide evidence to establish that a stay in this action would enable him to further his case any more than he had over the last three years.

(*Id.* at 9 (citing ECF No. 128).) That order again directed plaintiff to provide responses to

6

defendant's discovery requests by October 3, 2017, and advised plaintiff that any document not produced by that date would be precluded from use at depositions or trial. (*Id.*) The Court granted a final extension for discovery to November 3, 2017. (*Id.* at 10.) Plaintiff requested and, on October 5, 2017, the undersigned granted, "one final extension" of time to respond to the discovery requests and to request depositions. (*Id.* (citing ECF No. 133).) To date, plaintiff has failed to respond to defendant's discovery requests.

### *Dismissal Pursuant to Federal Rules of Civil Procedure 37 and 41*

After summarizing the discovery proceedings in this case, the R&R explains that, pursuant to Federal Rule of Civil Procedure 37, courts may impose a variety of sanctions for failing to obey court-ordered discovery, ranging from compelling discovery to dismissing the case. (*Id.* at 12-13 (citing *Ehret v. New York City Dep't of Soc. Servs.*, 102 F.R.D. 90, 92 (E.D.N.Y. 1984)).) The R&R notes that to determine whether dismissal is an appropriate sanction, courts generally consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." (*Id.* at 13 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).)

The R&R next explains that, similarly, pursuant to Federal Rule of Civil Procedure 41, courts may dismiss a case where the plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." (*Id.* (quoting Fed. R. Civ. P. 41(b)).) In deciding whether to dismiss under this rule, courts consider whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar

7

congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." (*Id.* (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).)

The R&R notes that three of the factors considered in the legal framework set forth by the Second Circuit in connection with Rules 37 and 41(b) overlap (duration of delay, efficacy of lesser sanctions, and whether plaintiff was notified of the potential consequences). (*Id.*) The R&R also notes that selection of the appropriate sanction is within the district court's discretion. (*Id.* at 14 (quoting *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)).) Magistrate Judge Shields determined that, while harsh, dismissal is appropriate in this case because:

> Plaintiff's actions in repeatedly failing to comply with this Court's discovery orders demonstrate willfulness and fault. Plaintiff had full and clear knowledge of this Court's discovery orders, repeatedly requesting, and receiving, extensions of his time to comply. . . . Even now, Plaintiff asserts that he cannot – or will not – produce any documents or adequately respond to Defendant's discovery requests until after either representatives of Defendant are deposed or discovery herein is completed. Such a response is nonsensical and demonstrates sheer willfulness to comply with this Court's orders.

(*Id.*) After discussing plaintiff's willful noncompliance (a factor under Rule 37), the R&R turns to the three overlapping factors, first explaining that no lesser sanction would be effective—plaintiff proceeds *in forma pauperis*, thus, monetary sanctions would be meaningless. (*Id.* at 14-15.) Second, the duration of noncompliance (almost ten months at the date of the R&R) favored dismissal. (*Id.* at 15 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) ("Such conduct may warrant dismissal after merely a matter of months.")).) As to the last factor applicable under both rules, the R&R explains that the September 19, 2017 order—warning that any document not produced by October 3, 2017 would be precluded from use in

this action—effectively warned plaintiff the action would be dismissed, given the impossibility of trying the case without introducing any documents into evidence. (*Id.*)

The R&R explains that the two additional factors under Rule 41(b)—prejudice to defendant, and the Court's interest in managing its docket—also favor dismissal. (*Id.*) The R&R reiterates that defendant has cooperated for years, attempting to work with plaintiff, and consenting to nearly every extension plaintiff requested, while, in the meantime, documents and witnesses had become difficult to track down or were no longer available. (*Id.* at 15-16.) Likewise, the Court has expended considerable time and resources working on this case, while plaintiff has failed to do the same. (*Id.* at 16.) The R&R continues that, while the Court has been generous with plaintiff, plaintiff has appeared at conferences but "[his] conduct reveals neither meaningful activity nor adherence to Court directives." The R&R elaborates:

> Plaintiff has really done nothing to move his case forward. His flurry of activity over the years can be summed up as seeking continual extensions of time – to which Defendants have always graciously agreed – making requests for counsel, representing that he may be securing counsel, seeking to amend his pleadings, and setting forth excuses for failing to comply with the most basic of discovery requests. This Court has been more than generous in giving Plaintiff time to comply with its orders. However, despite the indulgence of the Court, Plaintiff has repeatedly demonstrated his unwillingness to comply with this Court's orders and the Federal Rules of Civil Procedure.

(*Id.* at 17.) For all of these reasons, the R&R recommends that the motion to dismiss be granted, and that plaintiff's case be dismissed with prejudice.

### Plaintiff's Objections

Plaintiff objects to the R&R on the grounds that Magistrate Judge Shields erred by: "[i]gnoring that the Defendant's attorneys construct the circumstances to prevent the Plaintiff from completing discovery"; "ignoring that the Defendant's motion to squash was

9

premeditate[d] devise [sic] to prevent the Plaintiff from deposing the Defendants" who did not want to provide information to the Court; forcing plaintiff to provide discovery to defendant to his detriment; ignoring the fact that plaintiff was late to arrive at the Brooklyn legal clinic due to heavy traffic and limited parking, and that the clinic refused to give him additional appointments when he requested to see the same lawyer as at his first visit; and ignoring plaintiff's struggles throughout this case, including multiple sicknesses, car insurance issues, deaths in the family, and financial hardship. (ECF No. 162 at 1-2.) After stating these objections to the magistrate judge's decision, plaintiff summarizes his alleged employment discrimination claims. (*Id.* at 3-5.) Plaintiff also provides another explanation for his delays throughout the litigation: that he was "a victim of continue[d] cyber-attack preventing him from getting his documents on time and using his computer, scanner and printer," and he argues that defendant benefitted from this situation. (*Id.* at 6.)

Plaintiff filed his objections on August 27, 2018. He subsequently called the Court and stated that, although the deadline for objections had passed, he intended to file amended objections by September 3, 2018. Plaintiff called the Court again and stated the he intended to file amended objections by September 19, 2018. The Court has not since received any amended objections, nor has plaintiff had further communication with the Court.

## Analysis

The Court has reviewed plaintiff's objections to the R&R, in addition to plaintiff's complaint, motion briefing, and additional filings and, under a standard of *de novo* review, adopts the R&R in its entirety.

It is clear from the record in this case, as outlined in the R&R, that plaintiff has willfully failed to comply with discovery orders issued by the Magistrate Judge (and one order by the

District Judge) over a substantial period of time, after receiving repeated extensions to respond to the discovery requests. The willful nature of the noncompliance is demonstrated by his attempt to dictate, contrary to the Court's discovery orders, certain conditions to his compliance. In fact, it appears from his track history that he will never comply with the discovery orders because he wants the case to proceed in the manner that he dictates, rather than the Court. Even when warned that sanctions would result, he failed to comply. None of the various reasons for this repeated delay articulated in his objections (or any other submissions) adequately explain this willful noncompliance. For example, in his objections, plaintiff seeks to blame this repeated noncompliance on a "cyber-attack" and an unsubstantiated claim that he is "feeling threatened with the constant observation, *inter alias*, computer surveillance and taping of his phone conversations." ECF No. 162, at 6. Moreover, given that the case was filed over four years ago, and this willful noncompliance has stalled the case to the point where defendant has still not obtained even the most basic discovery from plaintiff, the prejudice to the defendant is clear. In addition, plaintiff's conduct has contributed to calendar congestion and a waste of judicial resources. The Court also concludes, as discussed in the R&R, that lesser sanctions would not alleviate the prejudice to the defendant and court congestion that has already resulted from his conduct.

In sum, in its discretion, having carefully considered (*de novo*) all of the Rule 37 and 41(b) factors, the Court agrees with the R&R and concludes that dismissal with prejudice is appropriate in light of: (1) plaintiff's willful noncompliance, (2) the long duration of his noncompliance, (3) the Court's warning that plaintiff had received his last extension, (4) the fact that lesser sanctions would prove meaningless, (5) the prejudice to defendant caused by further delay, and (6) the Court's interest in managing its docket.

## Conclusion

For the foregoing reasons, after *de novo* review, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R, and grants the motion to dismiss (ECF No. 140) pursuant to Rule 37 and 41 of the Federal Rules of Civil Procedure.[1] This case is dismissed with prejudice. The Clerk of the Court shall enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Joseph F. Bianco
Joseph F. Bianco
United States District Judge

Dated: September 20, 2018
Central Islip, New York

---

[1] As the R&R notes, given the dismissal on these grounds, the Court need not consider defendant's motion for judgment on the pleadings under Rule 12( c) of the Federal Rules of Civil Procedure.