UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SANTIAGO JULIAO,

                Plaintiff,

     -against-

CHARLES RUTENBERG REALTY, INC.

                Defendant.
-----------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
5/15/2020 5:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
14-CV-808 (JMA) (AYS)

**AZRACK, United States District Judge:**

       Currently pending before the Court are Plaintiff Santiago Juliao's motion for reconsideration and his requests to submit late reply papers, amend his motion for reconsideration, and submit additional evidence. Since the initiation of this suit in 2014, Plaintiff has represented himself *pro se*. For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration and other applications.

## I.  BACKGROUND

       It is unnecessary to recount the full procedural history of this case, which is already set forth, at length, in prior court orders.

       On July 23, 2018, the Honorable Anne Y. Shields issued a Report and Recommendation (the "R&R"), which recommended dismissing Plaintiff's claims pursuant to Federal Rules of Civil Procedure 37 and 41. (ECF No. 152.) On September 20, 2018, the Honorable Joseph F. Bianco rejected Plaintiff's objections to the R&R, adopted the R&R, and dismissed Plaintiff's claims. (ECF No. 164.) In a subsequent order, dated October 2, 2018, Judge Bianco rejected additional objections by Plaintiff and reaffirmed the dismissal of Plaintiff's case. (ECF No. 166.)

       After Judge Bianco's October 2, 2018 order, Plaintiff requested, and received, at least four extensions of time to allow him to file a motion for reconsideration. Judge Bianco's final order

granted Plaintiff a further extension of time until December 15, 2018, a Saturday, to file his motion for reconsideration and stressed that "[n]o further extensions will be granted absent extraordinary circumstances." (ECF No. 181.) On December 17, 2018, the next business day, Plaintiff filed a motion seeking reconsideration under Federal Rules of Civil Procedure 55, 59, and 60(b). (ECF No. 181.) However, that motion was incomplete. Plaintiff proceeded to file more than five hundred pages of exhibits to his motion on December 18, 19, 20, and 21. (ECF Nos. 183–186.) Defendant Charles Rutenberg Realty, Inc. responded with an 11-page opposition to the motion on January 2, 2019. (ECF No. 187.) On March 21, 2019—almost three months after Defendant filed its opposition brief—Plaintiff filed a 4-page letter asking for an extension of time to file a reply and to amend his motion for reconsideration. (ECF No. 189.) Defendant filed a letter opposing that request later the same day. (ECF No. 190.)

On August 14, 2019, this case was reassigned from Judge Bianco to the undersigned. On November 7, 2019, Plaintiff wrote another letter to the Court asking for an additional two weeks to "complete the last set of evidence[ ] . . . to support the case." (ECF No. 193.) Defendant again opposed this request. (ECF No. 194.) On December 6, 2019, Plaintiff filed another letter, which again rehashed a number of his prior arguments. (ECF No. 196.)

## II.  DISCUSSION

**A. <u>Plaintiff's Motions to Submit Additional Filings are Denied</u>**

The Court denies Plaintiff's March 21, 2019 requests to submit a late reply and to amend his motion for reconsideration because Plaintiff waited almost three months after receiving defendant's opposition papers to make these requests. Additionally, as Judge Bianco already gave Plaintiff two-and-a-half months to file his motion for reconsideration, the Court will not permit

Plaintiff to amend his motion for reconsideration or grant him additional time to file further, unspecified, exhibits.

In any event, even assuming for the sake of argument that the additional arguments raised in Plaintiff's filings dated March 21, 2019, November 7, 2019, and December 6, 2019 are properly before the Court, none of those arguments warrant reconsideration of the Court's prior orders.[2]

**B. Standard of Review for Motions under Rule 59 and 60**

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Mangino v. Inc. Vill. of Patchogue, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted).

"'It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . .'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

Rule 60(b) states:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

---

[2] Plaintiff's failure to file his entire motion for reconsideration, including the exhibits, by December 17, 2018 violated Judge Bianco's scheduling order. Plaintiff has not shown extraordinary circumstances to justify this belated filing. Nevertheless, in an abundance of caution, the Court has considered the belatedly filed exhibits to Plaintiff's motion for reconsideration.

3

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" Greer v. Mehiel, No. 19-326-CV, 2020 WL 1280679, at *3 (2d Cir. Mar. 17, 2020) (summary order) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)).

**C. Analysis**

Plaintiff's motion for reconsideration asks the Court to reconsider—under Rules 55, 59, and 60(b)—Judge Bianco's September 20, 2018 and October 2, 2018 orders, which adopted Judge Shields' R&R, dismissed Plaintiff's case, and subsequently reaffirmed that dismissal.

As an initial matter, Plaintiff's request for relief under Rule 55, which concerns default judgments, is inapposite. Plaintiff's claims were dismissed pursuant to Rules 37 and 41, not Rule 55.

With respect to Plaintiff's motions for reconsideration under Rules 59 and 60(b), those motions fail on multiple grounds, as explained below.

Most, if not all, of Plaintiff's arguments were previously raised—in one form or another—in his prior filings and were properly rejected in the prior court orders. Plaintiff has not pointed

4

the Court to any controlling data or evidence that was before Magistrate Judge Shields or Judge Bianco and was overlooked by them in their earlier rulings. Similarly, Magistrate Judge Shields and Judge Bianco did not overlook any controlling decisions. As Judge Bianco stressed, the "willfull nature of [Plaintiff's] noncompliance is demonstrated by his attempt to dictate, contrary to the Court's orders, certain conditions to his compliance." (ECF No. 164 at 11.)

Litigants cannot use a motion for reconsideration to take a second bite at the apple. Plaintiff's motion for reconsideration is now Plaintiff's fourth bite at the apple—enough is enough. Both Judge Bianco and Magistrate Judge Shields showed extraordinary patience with Plaintiff. Even taking into account Plaintiff's *pro se* status and the solicitude afforded such litigants, Plaintiff cannot show the exceptional circumstances necessary to warrant reconsideration. The procedural history of this case—including the numerous opportunities that Plaintiff was previously afforded to present all the arguments and exhibits set forth in his motion for reconsideration—plainly shows that there are no exceptional circumstances here that warrant reconsideration.[3]

Plaintiff's motions also fail on other grounds. Plaintiff's arguments are all patently meritless, including, for example, his outlandish claims insinuating that Defendant is responsible for alleged cyber-attacks on Plaintiff's computer. Additionally, the bulk of Plaintiff's arguments—such as his arguments and exhibits concerning the underlying merits of the case and his complaints about Defendant's own purported discovery violations—concern matters that are irrelevant to the issues addressed in Judge Shields' R&R and the reasons why Plaintiff's claims were dismissed.

---

[3] As but one example, Judge Bianco gave Plaintiff more than a month to file objections to Judge Shields' R&R. After submitting objections on August 27, 2018, Plaintiff then informed Judge Bianco that he intended to submit amended objections by September 3, 2018. Plaintiff, however, failed to submit anything by that date. Plaintiff then called Judge Bianco's chambers and stated that he intended to file amended objections by September 19, 2018. Plaintiff ultimately filed his amended objections on September 19, 2018 and informed Judge Bianco that he intended to file two hundred pages of exhibits in support of those objections by September 20, 2018. Plaintiff, however, failed to submit those exhibits by that date. And, Plaintiff did not file any of those exhibits by October 2, 2018, the date when Judge Bianco issued a further order reaffirming the dismissal of Plaintiff's case. Plaintiff clearly had ample opportunities to present any relevant arguments and evidence to Magistrate Judge Shields and Judge Bianco.

Finally, Plaintiff's claim that defense counsel made misrepresentations to the court about Plaintiff's discovery responses does not come close to satisfying the standard for a motion under Rule 60(b)(3).

Rule 60(b)(3) allows a party to seek relief from a judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, a movant must show, among other things, "that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (citations omitted). Because Plaintiff clearly cannot meet this requirement, it is unnecessary to even address any of the other requirements for obtaining relief under Rule 60(b)(3).

Plaintiff argues that defense counsel's representations to the Court concerning Plaintiff's discovery responses were false and fraudulent. However, Plaintiff was, of course, already aware of anything he had previously provided to Defendant during discovery and could have brought anything relevant on this point to the Court's attention in his prior filings. Accordingly, Plaintiff cannot possibly show that defense counsel's alleged misrepresentations about Plaintiff's discovery responses prevented Plaintiff from fully presenting any arguments or evidence on this issue to Magistrate Judge Shields and Judge Bianco.[4] See id. at 176 ("Where a movant admits that a letter that the other party supposedly concealed was already present in the movant's files, it 'cannot

---

[4] At one point in his papers, Plaintiff argues that defense counsel's purported misrepresentations warrant reconsideration under Rule 60(d)(3), which allows a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "The standard to prove 'fraud on the court' [under Rule 60(d)(3)] is extremely high, and relief under Rule 60(d) is "narrower in scope than that which is sufficient for relief by timely motion [under 60(b)(3) ]." Aneja v. M.A. Angeliades, Inc., No. 05-CV-9678, 2010 WL 199681, at *2 (S.D.N.Y. Jan. 12, 2010) (quoting Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988)). Because Plaintiff's motion fails under Rule 60(b)(3), it also fails under Rule 60(d)(3). See Matter of Perras, No. 08-CV-1771, 2010 WL 11627295, at *6 (E.D.N.Y. Nov. 3, 2010) (finding that movant's allegations failed to "amount to a 'fraud' or 'fraud on the court' [under Rules 60(b)(3) and 60(d)(3)] because they do not prevent claimant from 'fully and fairly presenting [her] case.'") (quoting State St. Bank & Trust Co., 374 F.3d at 176; see also Philips Lighting Co. v. Schneider, 636 F. App'x 54, 58 & 58 n. 3 (2d Cir. 2016).

claim that it was prevented from fully presenting its case.'") (citation omitted); In re Old Carco LLC, 423 B.R. 40, 50 (Bankr. S.D.N.Y. 2010) (collecting cases and explaining that "even if its adversary misrepresents certain relevant information or fails to disclose such information, a party who itself has access to such information cannot establish fraud under Rule 60(b)(3) because it cannot establish that its opponent's misrepresentation or failure to disclose prevented it from fully and fairly presenting its case"), aff'd, No. 10-CV-2493, 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), aff'd sub nom. Mauro Motors Inc. v. Old Carco LLC, 420 F. App'x 89 (2d Cir. 2011).

For all of the reasons set forth above, the Court denies Plaintiff's motions for reconsideration.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration and requests to submit a late reply brief, amend his motion for reconsideration, and submit additional evidence are all DENIED.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek *in forma pauperis* status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to send a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: May 15, 2020
Central Islip, New York

                                                  /s/ (JMA)
                                                  Joan M. Azrack
                                                  United States District Judge